# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | | |
|---|---|---|
| BRITE SMART CORP., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Case No. 2:14-cv-00760-JRG-RSP |
| | § | |
| GOOGLE INC., | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM ORDER

Before the Court is Defendant Google Inc.'s ("Google") Motion to Transfer Venue to the Northern District of California Pursuant to 28 U.S.C. § 1404(a) (Dkt. No. 18). Google argues that this case should be transferred to the Northern District of California. Plaintiff Brite Smart Corp. ("Brite Smart") opposes transfer. After considering all the evidence and weighing all the factors the Court finds that Google has shown that transfer is warranted.

## APPLICABLE LAW

Section 1404(a) provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a) (2006). The first inquiry when analyzing a case's eligibility for § 1404(a) transfer is "whether the judicial district to which transfer is sought would have been a district in which the claim could have been filed." *In re Volkswagen AG*, 371 F.3d 201, 203 (5th Cir. 2004) ("*In re Volkswagen I*").

Once that threshold is met, courts analyze both public and private factors relating to the convenience of parties and witnesses as well as the interests of particular venues in hearing the case. *See Humble Oil & Ref. Co. v. Bell Marine Serv., Inc.*, 321 F.2d 53, 56 (5th Cir. 1963); *In*

*re Nintendo Co., Ltd.*, 589 F.3d 1194, 1198 (Fed. Cir. 2009); *In re TS Tech USA Corp.*, 551 F.3d 1315, 1319 (Fed. Cir. 2009).

The private factors are: 1) the relative ease of access to sources of proof; 2) the availability of compulsory process to secure the attendance of witnesses; 3) the cost of attendance for willing witnesses; and 4) all other practical problems that make trial of a case easy, expeditious, and inexpensive. *In re Volkswagen I*, 371 F.3d at 203; *In re Nintendo*, 589 F.3d at 1198; *In re TS Tech*, 551 F.3d at 1319.

The public factors are: 1) the administrative difficulties flowing from court congestion; 2) the local interest in having localized interests decided at home; 3) the familiarity of the forum with the law that will govern the case; and 4) the avoidance of unnecessary problems of conflict of laws or in the application of foreign law. *In re Volkswagen I*, 371 F.3d at 203; *In re Nintendo*, 589 F.3d at 1198; *In re TS Tech*, 551 F.3d at 1319.

The plaintiff's choice of venue is not a factor in this analysis. *In re Volkswagen of Am., Inc.*, 545 F.3d 304, 314-15 (5th Cir. 2008) ("*In re Volkswagen II*"). Rather, the plaintiff's choice of venue contributes to the defendant's burden of proving that the transferee venue is "clearly more convenient" than the transferor venue. *In re Volkswagen II*, 545 F.3d at 315; *In re Nintendo*, 589 F.3d at 1200; *In re TS Tech*, 551 F.3d at 1319. Although the private and public factors apply to most transfer cases, "they are not necessarily exhaustive or exclusive," and no single factor is dispositive. *In re Volkswagen II*, 545 F.3d at 314-15.

Timely motions to transfer venue should be "should [be given] a top priority in the handling of [a case]," and "are to be decided based on 'the situation which existed when suit was instituted.'" *In re Horseshoe Entm't*, 337 F.3d 429, 433 (5th Cir. 2003); *In re EMC Corp.*, Dkt.

No. 2013-M142, 2013 WL 324154 (Fed. Cir. Jan. 29, 2013) (quoting *Hoffman v. Blaski*, 363 U.S. 335, 443 (1960)).

A.   **Proper Venue**

The Parties do not dispute that the Eastern District of Texas and the Northern District of California are both proper venues.

B.   **Private Interest Factors**

   1.   **Relative Ease of Access to Sources of Proof**

"In patent infringement cases, the bulk of the relevant evidence usually comes from the accused infringer. Consequently, the place where the defendant's documents are kept weighs in favor of transfer to that location." *In re Genentech, Inc.*, 566 F.3d 1338, 1345 (Fed. Cir. 2009) (citation omitted).

Google claims it has documents in Northern California, and that it developed the allegedly infringing system there in 2003. Dkt. No. 18 at 3-4. Brite Smart claims that it has documents in Tyler, in the Eastern District of Texas, which relate to Brite Smart's "day-to-day activities" and to the prosecution of the asserted patents. Dkt. No. 27 at 3.

Google has shown that there are serious questions regarding the weight to be assigned to Brite Smart's evidence on this issue. *See* Dkt. No. 83-1 at 2-5. On a whole, this factor favors transfer.

   2.   **Cost of Attendance for Willing Witnesses**

Google claims that most third-party witnesses live in California and that no relevant witnesses live in this District. Dkt. No. 18 at 2-4, 9. Brite Smart claims that Google "overstates its claim of convenience" because Brite Smart's vice president lives in this District and possible

witnesses live in Texas, Michigan, and on the East Coast. Dkt. No. 27 at 2, 3-4, 6-8, 13. The Court finds that this factor is neutral as to transfer.

3. **Availability of Compulsory Process to Secure the Attendance of Witnesses**

Federal Rule of Civil Procedure 45 provides that this Court may command a person who "resides, is employed, or regularly transacts business in person" in Texas to attend trial in Marshall if that person "would not incur substantial expense." Fed. R. Civ. P. 45(c)(1)(B). This Court also may command a person to attend a deposition "with 100 miles of where the person resides, is employed, or regularly transacts business in person." Fed. R. Civ. P. 45 (a)(2); *see id.* (c)(1)(A), (d)(3)(a). Party witnesses do not require compulsory process, and the Court's analysis of this factor focuses on third-party witnesses for whom compulsory process to attend trial might be necessary.

Google argues that the Northern District of California has subpoena power over more third-party witnesses and has identified several. Dkt. No. 18 at 10-11. Brite Smart claims that important technology and damages witnesses live in Texas and are within this Court's subpoena power for trial. Brite Smart also claims that witnesses who live around the country are not within the subpoena power of either this Court or the Northern District of California. Dkt. No. 27 at 12. While Brite Smart has made a substantial showing, on the whole, this factor slightly favors transfer.

4. **All Other Practical Problems that Make Trial of a Case Easy, Expeditious, and Inexpensive**

Google claims that this factor is neutral as to transfer, and Brite Smart has no evidence that refutes Google's claim. The Court finds this factor is neutral as to transfer.

C.  **Public Interest Factors**

1.  **Administrative Difficulties Flowing From Court Congestion**

Google claims that this factor is neutral as to transfer, and Brite Smart claims this factor disfavors transfer because the Eastern District of Texas is faster to trial. The Court finds this factor is neutral as to transfer.

2.  **Local Interest in Having Localized Interests Decided at Home**

Google claims that its interests are concentrated in California. Dkt. No. 18 at 13. Brite Smart claims that Google's interests are global. Dkt. No. 27 at 15. The Court finds this factor slightly favors transfer.

3.  **Familiarity of the Forum With the Law that Will Govern the Case**

The Parties agree this factor is neutral as to transfer. Dkt. No. 18 at 14; Dkt. No. 27 at 15.

4.  **Avoidance of Unnecessary Problems of Conflict of Laws or in the Application of Foreign Law**

The Parties agree this factor is neutral as to transfer. Dkt. No. 18 at 14; Dkt. No. 27 at 15.

## CONCLUSION

A motion to transfer venue should only be granted upon a showing that one venue is "clearly more convenient" than another. *In re Nintendo Co.*, 589 F.3d at 1197; *In re Genentech, Inc.*, 566 F.3d at 1342 (Fed. Cir. 2009). Considering the evidence as a whole, the Court finds that this case should be transferred to the Northern District of California. Google's Motion to Transfer Venue (Dkt. No. 18) is **GRANTED**. Accordingly, it is **ORDERED** that this case be transferred to the United States District Court for the Northern District of California.

**SIGNED this 3rd day of August, 2015.**

ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE