1

2

3

4                     UNITED STATES DISTRICT COURT

5                   NORTHERN DISTRICT OF CALIFORNIA

6

7    BRITE SMART CORP.,                    Case No. 5:15-cv-03962-BLF

8              Plaintiff,                  **ORDER RE: MOTION TO SEAL**

9         v.                              **(Re:  Docket No. 166)**

10   GOOGLE INC.,

11             Defendant.

12        Before the court is one administrative motion to seal.[1]  "Historically, courts have

13   recognized a 'general right to inspect and copy public records and documents, including judicial

14   records and documents.'"[2]  Accordingly, when considering a sealing request, "a 'strong

15   presumption in favor of access' is the starting point."[3]  Parties seeking to seal judicial records

16   relating to dispositive motions bear the burden of overcoming the presumption with "compelling

17   reasons" that outweigh the general history of access and the public policies favoring disclosure.[4]

18        However, "while protecting the public's interest in access to the courts, we must remain

19   mindful of the parties' right to access those same courts upon terms which will not unduly harm

20   their competitive interest."[5]  Records attached to nondispositive motions therefore are not subject

21

22   [1] *See* Docket No. 166.

23   [2] *Kamakana v. City & County of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Nixon v.
24   Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n. 7 (1978)).

25   [3] *Id.* (quoting *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)).

26   [4] *Id.* at 1178-79.

27   [5] *Apple Inc. v. Samsung Electronics Co., Ltd.*, 727 F.3d 1214, 1228-29 (Fed. Cir. 2013).

28                                          1

     Case No. 5:15-cv-03962-BLF
     ORDER RE: MOTION TO SEAL

United States District Court
Northern District of California

1    to the strong presumption of access.[6]  Because the documents attached to nondispositive motions

2    "are often unrelated, or only tangentially related, to the underlying cause of action," parties

3    moving to seal must meet the lower "good cause" standard of Rule 26(c).[7]  As with dispositive

4    motions, the standard applicable to nondispositive motions requires a "particularized showing"[8]

5    that "specific prejudice or harm will result" if the information is disclosed.[9]  "Broad allegations of

6    harm, unsubstantiated by specific examples of articulated reasoning" will not suffice.[10]  A

7    protective order sealing the documents during discovery may reflect the court's previous

8    determination that good cause exists to keep the documents sealed,[11] but a blanket protective order

9    that allows the parties to designate confidential documents does not provide sufficient judicial

10   scrutiny to determine whether each particular document should remain sealed.[12]

11          In addition to making particularized showings of good cause, parties moving to seal

12   documents must comply with the procedures established by Civ. L.R. 79-5.  Pursuant to

13   Civ. L.R. 79-5(b), a sealing order is appropriate only upon a request that establishes the document

14   is "sealable," or "privileged or protectable as a trade secret or otherwise entitled to protection

15   under the law."  "The request must be narrowly tailored to seek sealing only of sealable material,

16   and must conform with Civil L.R. 79-5(d)."[13]  "Within 4 days of the filing of the Administrative

17

---

18   [6] *See id.* at 1180.

19   [7] *Id.* at 1179 (internal quotations and citations omitted).

20   [8] *Id.*

21   [9] *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1210-11 (9th Cir. 2002);
22   *see* Fed. R. Civ. P. 26(c).

23   [10] *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992).

24   [11] *See Kamakana,* 447 F.3d at 1179-80.

25   [12] *See* Civ. L.R. 79-5(d)(1)(A) ("Reference to a stipulation or protective order that allows a party
26   to designate certain documents as confidential is not sufficient to establish that a document, or
     portions thereof, are sealable.").

27   [13] Civ. L.R. 79-5(b).  In part, Civ. L.R. 79-5(d) requires the submitting party to attach a "proposed

28
2

1    Motion to File Under Seal, the Designating Party must file a declaration as required by subsection

2    79-5(d)(1)(A) establishing that all of the designated material is sealable."[14]

3            With these standards in mind, the court rules on the instant motion as follows:

| Motion to Seal | Document to be Sealed | Result | Reason/Explanation |
|---|---|---|---|
| 166-3 | Ex. 1 to Google's Motion to Redact the June 30, 2015 Hearing Transcript | UNSEALED. | Not narrowly tailored to confidential business information. |
| 166-5 | Ex. 2 to Google's Motion to Redact the June 30, 2015 Hearing Transcript | UNSEALED. | Not narrowly tailored to confidential business information. |

**SO ORDERED.**

Dated: December 7, 2015

_____
PAUL S. GREWAL
United States Magistrate Judge

_United States District Court_
_Northern District of California_

---

order that is narrowly tailored to seal only the sealable material" which "lists in table format each document or portion thereof that is sought to be sealed," Civ. L.R. 79-5(d)(1)(b), and an "unredacted version of the document" that indicates "by highlighting or other clear method, the portions of the document that have been omitted from the redacted version." Civ. L.R. 79-5(d)(1)(d).

[14] Civ. L.R. 79-5(e)(1).

3

Case No. 5:15-cv-03962-BLF
ORDER RE: MOTION TO SEAL