QUINN EMANUEL URQUHART & SULLIVAN, LLP
David A. Perlson (Bar No. 209502)
50 California St., 22nd Floor
San Francisco, CA 94111
Telephone: (415) 875-6600
Facsimile: (415) 876-6700
davidperlson@quinnemanuel.com

Andrea Pallios Roberts (Bar No. 228128)
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, California 94065-2139
Telephone: (650) 801-5000
Facsimile: (650) 801-5100
andreaproberts@quinnemanuel.com

Attorneys for
Defendant Google Inc.

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN JOSE DIVISION**

BRITE SMART CORP.

Plaintiff,

v.

GOOGLE INC.

Defendant.

Case No. 5:15-cv-03962-BLF

**GOOGLE INC.'S MOTION TO DISMISS FOR FAILURE TO PROSECUTE AND FOR LACK OF STANDING**

Judge: Beth Labson Freeman
Hearing Date: June 16, 2016
Hearing Time: 9:00 AM

**[REDACTED VERSION OF DOCUMENT SOUGHT TO BE SEALED]**

**NOTICE OF MOTION AND MOTION**

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on June 16, 2016 or as soon thereafter as the matter may be heard by the Honorable Beth Labson Freeman in Courtroom Three, Defendant Google Inc. shall and hereby does move the Court for an order dismissing the present litigation with prejudice due to Plaintiff Brite Smart Corp.'s failure to prosecute its case, failure to obtain new legal counsel, and for lack of standing.

This Motion is made pursuant to Federal Rule of Civil Procedure 41(b), the Local Rules for the Northern District of California, *Bigelow v. Brady*, 179 F.3d 1164 (9th Cir. 1999), and *Schreiber Foods, Inc. v. Beatrice Cheese, Inc.*, 402 F.3d 1198 (Fed. Cir. 2005).

This Motion is based upon this Notice of Motion and Motion, Memorandum of Points and Authorities in support thereof, the Declaration of David Perlson dated February 11, 2016, all pleadings and papers on file in this action, such other evidence or arguments as may be presented to the Court, and such other matters of which this Court may take judicial notice.

DATED: February 11, 2016         QUINN EMANUEL URQUHART & SULLIVAN, LLP


By */s/ David A. Pelson*
David A. Perlson
*Attorney for Defendant Google Inc.*

**TABLE OF CONTENTS**

**Page**

INTRODUCTION ..... 1

STATEMENT OF RELEVANT FACTS ..... 2

I. BRITE SMART IMPROPERLY FILES SUIT IN THE EASTERN DISTRICT OF TEXAS ..... 2

II. DESPITE A SEVEN MONTH STAY, BRITE SMART FAILED TO RETAIN COUNSEL ADMITTED TO THIS COURT AS REQUIRED, AND NOW HAS NO COUNSEL AT ALL ..... 2

III. BRITE SMART REPRESENTS IN CO-PENDING CBM PROCEEDINGS THAT IT HAS ASSIGNED THREE OF THE FOUR PATENTS-IN-SUIT TO ZUILI ..... 4

LEGAL STANDARD ..... 5

ARGUMENT ..... 6

I. BRITE SMART HAS NOT DILIGENTLY PROSECUTED ITS CASE AND ALL FIVE FACTORS FAVOR DISMISSAL ..... 6

A. The Public Interest And The Court's Need To Manage Its Docket Favor Dismissal Of The Present Litigation ..... 6

B. Brite Smart's Dilatory Conduct Risks Further Prejudice To Google ..... 8

C. Despite A Seven Month Pause, Brite Smart Has Not Retained New Counsel ..... 9

D. No Reasonable Alternative To Dismissal Exists ..... 9

II. ZUILI'S TRANSFER OF OWNERSHIP OF THE PATENTS TO HIMSELF CANNOT AVOID DISMISSAL ..... 10

CONCLUSION ..... 12

# TABLE OF AUTHORITIES

**Page**

## Cases

*Anderson v. Air West, Inc.*,
542 F.2d 522 (9th Cir. 1976) ..... 5

*Apostol v. Vilsack*,
No. 09-cv-1807, 2010 WL 1854645 (N.D. Cal. Mar. 6, 2010) ..... 8

*Bigelow v. Brady*,
179 F.3d 1164 (9th Cir. 1999) ..... 7, 10

*Bond v. Cal-Western Reconveyance Corp.*,
No. 12-cv-01523, 2012 WL 3249491 (N.D. Cal. Aug. 7, 2012) ..... 7

*Costello v. U.S.*,
365 U.S. 265 (1961) ..... 6

*In re Eisen*,
31 F.3d 1447 (9th Cir. 1994) ..... 6, 7, 8, 9

*Fid. Philadelphia Trust Co. v. Pioche Mines Consol., Inc.*,
587 F.2d 27 (9th Cir. 1978) ..... 6

*In re Google Inc.*,
No. 15-138, Dkt. 1-2 (Fed. Cir. June 1, 2015) ..... 2

*In re Google Inc.*,
No. 15-138, Dkt. 14 (Fed. Cir. June 9, 2015) ..... 2

*Hicks v. Bekins Moving & Storage*,
115 F.2d 406 (9th Cir. 1940) ..... 6

*HomeBingo Network, Inc. v. Cadillac Jack, Inc.*,
No. 05-cv-0701, 2006 WL 3469515 (S.D. Al. Nov. 29, 2006) ..... 11

*Lans v. Digital Equipment Corp.*,
252 F.3d 1320 (Fed. Cir. 2001) ..... 6, 10

*Link v. Wabash R.R. Co.*,
370 U.S. 626 (1962) ..... 5

*Motionless Keyboard Co. v. Microsoft Corp.*,
184 Fed. Appx. 967 (Fed. Cir. 2006) ..... 11

*In re PPA Prods. Liability Litig.*,
460 F.3d 1217 (9th Cir. 2006) ..... 6, 7, 9, 10

*Pagtalunan v. Galaza*,
291 F.3d 639 (9th Cir. 2002) ..... 7, 8

*Pi-Net Int'l, Inc. v. Focus Business Bank*,
No. 12-cv-04958, 2015 WL 1538259 (N.D. Cal. Apr. 6, 2015) ....................6, 10

*Prima Tek II, L.L.C. v. A-Roo Co.*,
222 F.3d 1372 (Fed. Cir. 2000)....................6

*Schreiber Foods, Inc. v. Beatrice Cheese, Inc.*,
402 F.3d 1198 (Fed. Cir. 2005)....................6

*Sicom Sys., Ltd. v. Agilent Technologies, Inc.*,
427 F.3d 971 (Fed. Cir. 2005)....................6

*Singhal v. Mentor Graphics Corp.*,
No. 07-cv-1587, 2008 WL 205594 (N.D. Cal. Jan. 24, 2008)....................12

*United States v. High Country Broadcasting Co.*,
3 F.3d 1244 (9th Cir. 1993)....................11

*Yourish v. Cal. Amplifier*,
191 F.3d 983 (9th Cir. 1999)....................7

*Yufa v. Lighthouse Worldwide Solutions Inc.*,
No. 09-cv-00968, Dkt. 126 (N.D. Cal. Oct. 10, 2014). ....................5

**Rules / Statutes**

35 U.S.C. § 281 ....................6

Fed. R. Civ. P. 41(b)....................5, 6

Local Rule 11-1(a) ....................1, 3, 10

# MEMORANDUM OF POINTS AND AUTHORITIES

## INTRODUCTION

Plaintiff Brite Smart filed this case 18 months ago, on July 10, 2014 in the Eastern District of Texas. Despite having imposed substantial costs on Google in the Eastern District, Brite Smart has now, after being transferred to a venue it does not like, demonstrated that it is either unable or does not want to continue the present litigation. Specifically, despite having a seven-month stay of the litigation, Brite Smart has never obtained any legal counsel admitted in the Northern District as required by Local Rule 11-1(a). And after the withdrawal of its sole counsel Katz, LLP, which was apparently months in the making, Brite Smart has no counsel whatsoever. Brite Smart, as a corporation, is required to retain counsel under both the Local Rules and controlling Ninth Circuit law. At the hearing on the Motion to Withdraw, the Court expressly warned Brite Smart that, if it were unable to retain new counsel, the Court would dismiss its case. Google therefore requests that the Court bring an end to the present litigation and dismiss this case with prejudice so as to prevent any further waste of party and judicial resources.

Moreover, Brite Smart recently recorded assignments with the PTO that purport to transfer ownership of at least three of the patents-in-suit from Brite Smart to its CEO and sole owner, Patrick Zuili. Google learned of this change in ownership in connection with Google's pending petitions for covered business method review of these three patents. Katz LLP also withdrew as counsel in these CBMs. Mr. Zuili purports to use these transfers to represent himself, as a corporation must have counsel in a CBM as well. But by relinquishing ownership of these patents—of which neither Brite Smart nor Mr. Zuili has informed the Court—Brite Smart has lost its standing to sue. Although Mr. Zuili has made no attempt to do so, it is possible that, as he has done in the CBM, Mr. Zuili may attempt to use this transfer as an end run to the requirement that a corporation be represented by counsel and this Court's requirement of counsel admitted to practice this District. But it is well established under controlling Ninth Circuit law that such mockery of the corporate form is prohibited. This case should be dismissed in full.

## STATEMENT OF RELEVANT FACTS

### I. BRITE SMART IMPROPERLY FILES SUIT IN THE EASTERN DISTRICT OF TEXAS

Brite Smart filed its Complaint against Google on July 10, 2014 in the Eastern District of Texas alleging infringement of U.S. Patent No. 7,249,104 (the "'104 patent"), U.S. Patent No. 7,953,667 (the "'667 patent"), U.S. Patent No. 8,326,763 (the "'763 patent"), U.S. Patent No. 8,671,057 (the "'057 patent"). (Dkt. 1.) Google filed its Answer on September 8 (Dkt. 10) and moved to transfer to the Northern District of California on October 24 (Dkt. 18).

On June 1, 2015, having received no ruling on its Motion to Transfer and with claim construction and discovery cut-offs fast approaching, Google filed a petition for writ of mandamus asking the Federal Circuit to compel the district court to rule on Google's transfer motion. *In re Google Inc.*, No. 15-138, Dkt. 1-2 (Fed. Cir. June 1, 2015). Brite Smart opposed both Google's transfer motion and petition for writ of mandamus. *In re Google Inc.*, No. 15-138, Dkt. 14 (Fed. Cir. June 9, 2015). On July 16, the Federal Circuit granted Google's Mandamus Petition and ordered that the case be stayed pending a ruling on Google's transfer motion. (Dkt. 152.) On August 3, the Eastern District Court granted Google's Motion to Transfer and ordered the case transferred to the Northern District of California. Following the Eastern District Court's transfer order, the case was stayed pending the establishment of a new case schedule by this Court. (Dkt. 156.)

### II. DESPITE A SEVEN MONTH STAY, BRITE SMART FAILED TO RETAIN COUNSEL ADMITTED TO THIS COURT, AND NOW HAS NO COUNSEL AT ALL

On August 31, this Court set December 10 as the date for the Initial Case Management Conference. (Dkt. 159.) Weeks later, on October 19, Brite Smart filed a Motion to Amend the Protective Order so that it could disclose Google's confidential materials to potential "additional attorneys on this case, including California local counsel, on a contingency basis." (Dkt. 169.) In its Motion, Brite Smart alleged that potential new counsel were "unable to adequately evaluate the case without having access to information that is subject to the protective order entered in this case." (*Id.*) Google opposed Brite Smart's proposed amendment and noted that it would not be

appropriate for Brite Smart to use Google's confidential information to shop its case around to prospective counsel. (Dkt. 170, 4-5.) Google also notified Brite Smart that its Motion to Amend the Protective Order violated Local Rule 11-1(a) because, even then, Brite Smart was not represented by an attorney admitted to practice in this district and its then current counsel, who was not admitted to practice here, had not applied for or been granted admission *pro hac vice*. (*Id.*, 5-6.) Brite Smart did not respond to Google's repeated emails on this point and did not withdraw its Motion. (Dkt. 188, 2-3.) Nor did Brite Smart file a reply in support of its motion.

Two months later and a week before the December 10 Case Management Conference, on December 3, Katz, Brite Smart's sole counsel, informed Google that he intended to withdraw. (Dkt. 188, 3.) In his Motion to Withdraw filed the next day, Katz claimed that "Brite Smart has attempted to repudiate aspects of its engagement agreement and has insisted upon pursuing an objective with which I have a fundamental disagreement." (Dkt. 183-1, ¶ 3.) Katz also declared that further representation of Brite Smart "may cause Counsel to violate one or more provisions of the Texas Disciplinary Rules of Professional Conduct and the California Rules of Professional Conduct." (*Id.*) Katz represented that he had already "advised Brite Smart of the need to find substitute counsel, and ha[d] provided Brite Smart reasonable time to employ other counsel." (*Id.*, ¶ 4.) He also stated that he had attempted to assist Brite Smart in engaging other counsel but that all efforts to retain new counsel had been unsuccessful. (*Id.*)

In its Response, Google raised several concerns with Katz's Motion to Withdraw. (Dkt. 188.) Google noted that withdrawal of counsel would further delay any resolution of the litigation. (*Id.*, 4-5.) Google also pointed out that the withdrawal of Brite Smart's sole counsel risked leaving Google's confidential materials in limbo and subject to inadvertent disclosure. (*Id.*, 6.) Given the extensive discovery and motion practice to date, Google also requested that, if Brite Smart were unable to locate new counsel, the case be dismissed with prejudice. (*Id.*, 7.)

At the case management conference on December 10, the Court set dates for claim construction, summary judgment, and trial. (Dkt. 193.) Likewise, recognizing that the withdrawal of Brite Smart's counsel could further delay the present litigation, the Court advanced the hearing on the Motion to Withdraw by nearly three months to January 7, 2016. (*Id.*, 2.) The Court also

invited Brite Smart's CEO and sole corporate representative, Patrick Zuili, to attend the hearing on the Motion to Withdraw.

Despite this invitation, Mr. Zuili did not attend. (Dkt. 201, 3:22-4:2.) Although the Court granted Katz's Motion to Withdraw, given the time Brite Smart had already had to retain counsel, the Court rejected Brite Smart's request for a ninety-day stay of the litigation. (*Id.*, 5:1-2) ("THE COURT: You've given me no reason why [a ninety-day stay] would be reasonable.") Further, the Court noted that Brite Smart had already had at least six weeks to locate new counsel and yet had provided the Court with no information as to what efforts, if any, were underway to retain new legal representation. (*Id.*, 5:3-7.) If Brite Smart was unable to retain counsel, the Court invited Google to file a Motion to Dismiss for Failure to Prosecute upon the lifting of the thirty-day stay. (*Id.*, 7:1-4.) ("[THE COURT:] I would imagine once I lift the stay, [Google] will need to file a Motion to Dismiss for Failure to Prosecute. It's unusual for the plaintiff that commences that action to then be seeking a stay.")

In its Order granting Katz's Motion to Withdraw, the Court further made clear that Brite Smart must retain counsel to proceed with this case. (Dkt. 196.) The Court stated that any new counsel "must be a member of the bar of this Court or apply to appear *pro hac vice* to practice in this Court." (*Id.*) (citations and quotation marks omitted.) The Court also expressly warned Brite Smart that "a failure to find new counsel, or comply with Court orders <u>may result in this case being dismissed</u>." (*Id.*) (emphasis added.)

Despite receiving an additional thirty-day stay of the litigation to retain new counsel, no new counsel for Brite Smart has appeared. Nor has Brite Smart given any indication to Google or the Court how, if it all, it intends to proceed with the present litigation.

## III. <u>BRITE SMART REPRESENTS IN CO-PENDING CBM PROCEEDINGS THAT IT HAS ASSIGNED THREE OF THE FOUR PATENTS-IN-SUIT TO ZUILI</u>

As in this case, Brite Smart's prior counsel, Katz, has also moved to withdraw from his representation of Brite Smart in connection with Google's Petitions for Covered Business Method

Review that were previously filed with the Patent Trial and Appeal Board.[1] Like the district court, the PTAB similarly does not permit corporations to proceed *pro se*. (Frequently Asked Questions, F11, http://www.uspto.gov/patents-application-process/appealing-patent-decisions/trials/patent-review-processing-system-prps-0.) In an attempt to circumvent this requirement, on January 21, 2016, Mr. Zuili represented to the PTAB that he had executed an assignment for the '057 patent subject to Google's petition, thereby allegedly transferring that patent from Plaintiff Brite Smart to himself. (Ex. 1.) In his notice to the PTAB, Mr. Zuili represented that he now "owns by assignment the entire right, title, and interest in [the '057 patent] by virtue of Assignment" and that he wished to proceed *pro se*. (*Id.*) Mr. Zuili similarly recorded assignments with the PTO transferring the '667 and '763 patents from Brite Smart to himself. (Ex. 2; Ex. 3.) On January 28, Mr. Zuili filed a response to one of Google's petitions with the PTAB. (Ex. 4.)

## LEGAL STANDARD

Rule 41(b) of the Federal Rules of Civil Procedure permits the Court to dismiss an action where "the plaintiff fails to prosecute or to comply with these rules or a court order." Fed. R. Civ. P. 41. The Ninth Circuit "has consistently held that the failure to prosecute diligently is sufficient by itself to justify a dismissal." *Anderson v. Air West, Inc*., 542 F.2d 522, 524 (9th Cir. 1976). Under Rule 41(b), the Court is empowered to dismiss a case to "prevent undue delays in disposition of pending cases and to avoid congestion in the courts." *Yufa v. Lighthouse Worldwide Solutions Inc.*, No. 09-cv-00968, Dkt. 126, at*6 (N.D. Cal. Oct. 10, 2014) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-30 (1962)).

In granting a motion to dismiss under Rule 41(b), courts look to five factors:

> (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring the disposition of cases on their merits; and (5) the availability of less drastic sanctions.

[1] Google filed Petitions for Covered Business Method Reviews of the '057 patent and the '667 and '763 patents on October 16 and December 17, respectively. *Petition for Covered Business Method Patent Review of U.S. Patent No. 8,671,057*, CBM2016-00008; *Petition for Covered Business Method Patent Review of U.S. Patent No. 7,953,667*, CBM2016-00021; *Petition for Covered Business Method Patent Review of U.S. Patent No. 8,326,763*, CBM2016-00022.

*In re Eisen*, 31 F.3d 1447, 1451 (9th Cir. 1994). "[T]he duty to move a case is on the plaintiff and not on the defendant or the court." *Fid. Philadelphia Trust Co. v. Pioche Mines Consol., Inc*., 587 F.2d 27, 29 (9th Cir. 1978); *Hicks v. Bekins Moving & Storage*, 115 F.2d 406, 409 (9th Cir. 1940) ("The duty rests upon the plaintiff at every stage of the proceeding to use diligence and to expedite his case to a final determination . . . ."). A dismissal for failure to prosecute under Rule 41(b) should be with prejudice. *Costello v. U.S.*, 365 U.S. 265, 286 (1961).

In addition to diligently prosecuting its case, the plaintiff to an action must also prove it has standing to sue. Standing is "a threshold requirement in every federal action." *Sicom Sys., Ltd. v. Agilent Technologies, Inc.*, 427 F.3d 971, 975 (Fed. Cir. 2005) (citation and quotation marks omitted). Where a party "transfers all substantial rights under the patent, it amounts to an assignment and the assignee may be deemed the effective patentee under 35 U.S.C. § 281 for purposes of holding constitutional standing to sue another for patent infringement in its own name." *Id.* at 976; *Prima Tek II, L.L.C. v. A-Roo Co.*, 222 F.3d 1372, 1377 (Fed. Cir. 2000). Conversely, once a party loses title to a patent "that party has no standing to bring an infringement action under that patent." *Lans v. Digital Equipment Corp.*, 252 F.3d 1320, 1328 (Fed. Cir. 2001) (quotation marks and citations omitted). So even if standing existed at the time the complaint was filed, the plaintiff must retain standing at all stages of the litigation. *Schreiber Foods, Inc. v. Beatrice Cheese, Inc.*, 402 F.3d 1198, 1203 (Fed. Cir. 2005); *Pi-Net Int'l, Inc. v. Focus Business Bank*, No. 5:12-cv-04958, 2015 WL 1538259, at *4 (N.D. Cal. Apr. 6, 2015).

## ARGUMENT

### I. BRITE SMART HAS NOT DILIGENTLY PROSECUTED ITS CASE AND ALL FIVE FACTORS FAVOR DISMISSAL

#### A. The Public Interest And The Court's Need To Manage Its Docket Favor Dismissal Of The Present Litigation

Despite filing its complaint 18 months ago, Brite Smart has no way to move the case forward to trial, thus preventing any resolution of the litigation. "Orderly and expeditious resolution of disputes is of great importance to the rule of law. By the same token, delay in reaching the merits, whether by way of settlement or adjudication, is costly in money, memory, manageability, and confidence in the process." *In re PPA Prods. Liability Litig.*, 460 F.3d 1217,

1227 (9th Cir. 2006). "The public's interest in expeditious resolution of litigation always favors dismissal." *Yourish v. Cal. Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999). And delays as short as four months can justify dismissal for want of prosecution. *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002).

Despite filing its complaint more than 18 months ago, Brite Smart is now unable to proceed with its case. As this Court previously noted, Brite Smart, as a corporation, may not appear in court *pro se*. (Dkt. 196) (citing *Bigelow v. Brady*, 179 F.3d 1164 (9th Cir. 1999) and Civil L.R. 3-9(b).) Brite Smart received not only a six-month stay following transfer but also an additional thirty-day stay following the withdrawal of Brite Smart's prior counsel during which it could have located new counsel. Brite Smart's inability to retain legal counsel has brought the litigation to a halt and prevents any resolution on the merits, let alone an expeditious one. *Bond v. Cal-Western Reconveyance Corp.*, No. 12-cv-01523, 2012 WL 3249491, at *2 (N.D. Cal. Aug. 7, 2012) (dismissing case where plaintiff's actions had "caused the action to come to a complete halt"). This factor therefore favors dismissal.[2]

The Court's need to manage its docket "is usually reviewed in conjunction with the public's interest in expeditious resolution." *In re PPA Prods. Liability Litig*, 460 F.3d 1217, 1227 (9th Cir. 2006). "District courts have an inherent power to control their dockets . . . [and] in the exercise of that power may impose sanctions including, where appropriate, default or dismissal." *Id.* Absent dismissal by the Court, this case will linger on the Court's already crowded docket for a potentially unlimited period of time. For instance, under the deadlines set by the Court and the Patent Local Rules, the parties are required to exchange proposed terms for construction on February 22 and exchange preliminary claim constructions and extrinsic evidence on March 14. (Patent L.R. 4-1; Patent L.R. 4-2.) Previously, Brite Smart proposed not only that claim construction issues be re-briefed and re-argued but also suggested that it may raise new

[2] A lack of financial resources does not excuse an unreasonable delay in the ligation. *In re Eisen*, 31 F.3d 1447, 1451 (9th Cir. 1994) (affirming dismissal for failure to prosecute and rejecting argument that difficulty paying for the costs of litigation justified a delay in the case). Although Brite Smart has never explained why it has not retained admitted in this Court much less that it has no counsel at all now, Brite Smart referenced a preference for counsel to take this case on a "contingency" basis. (Dkt. 169.)

undisclosed claim terms and proposed constructions. (Ex. 5.) Further delay of the litigation will almost certainly require the Court to push back these dates and, as a consequence, the dates it has set for the Technology Tutorial and Claim Construction Hearing, possibly by several months. As the Court indicated when setting a trial date, the Court is currently under a heavy case load. Thus, this factor also supports dismissal.

**B. Brite Smart's Dilatory Conduct Risks Further Prejudice To Google**

Further delay of this litigation also prejudices Google's case given Brite Smart's demonstrated inability to preserve relevant evidence. "The law presumes injury from unreasonable delay." *In re Eisen,* 31 F.3d at 1452. "When considering prejudice, the failure to prosecute diligently is sufficient by itself to justify a dismissal, even in the absence of actual prejudice to defendant from the failure." *Apostol v. Vilsack*, No. 09-cv-1807, 2010 WL 1854645, at *5 (N.D. Cal. Mar. 6, 2010) (citing *In re Eisen,* 31 F.3d at 1452-53).

Moreover, "[u]nnecessary delay inherently increases the risk that witnesses' memories will fade and evidence will become stale." *Pagtalunan*, 291 F.3d at 643. Mr. Zuili, Brite Smart's CEO, has testified previously (Ex. 6, 31:17-32:8, 41:4-7, 68:3-6.) Mr. Zuili has also already admitted that

(*Id.*, 166:9-171:9) (emphasis added.)

Further, since just the start of this litigation, (Ex. 7; Ex. 8.) Mr. Atlan (Ex. 9, 23:15-23:25; Ex. 10.)

**C. Plaintiff Brite Smart Has Unnecessarily Delayed Disposition On The Merits**

"Although there is indeed a policy favoring disposition on the merits, it is the responsibility of the [plaintiff] to move towards that disposition at a reasonable pace, and to refrain from dilatory and evasive tactics." *In re Eisen*, 31 F.3d 1447, 1454 (9th Cir. 1994). "Determining whether dismissal is warranted, courts weigh this factor against the plaintiff's delay and the prejudice suffered by the defendant." *Id.* Notably "[t]he public policy favoring disposition on the merits is not compelling when it is thwarted by the plaintiffs' failure to move their cases along." *In re PPA Prods. Liability Litig.*, 460 F.3d at 1240.

As demonstrated above, Brite Smart has now been afforded close to seven months to retain new counsel and yet has offered no indication of when, if at all, it will be able to do so. Likewise, as discussed above, further delay prejudices Google's ability to litigate the present case by risking further destruction of documents and loss of percipient witnesses. Given the risk of further prejudice, the several month delay caused by Brite Smart's decision to file in an incorrect venue, and its subsequent inability to retain legal counsel, this factor too supports dismissal.

**D. No Reasonable Alternative To Dismissal Exists**

"Warning that failure to obey a court order will result in dismissal can itself meet the 'consideration of alternatives' requirement." *In re PPA Prods. Liability Litig.*, 460 F.3d at 1229.

The Court explicitly gave Brite Smart such warning: "The Court advises Plaintiff that a failure to find new counsel, or comply with Court orders may result in this case being dismissed." (Dkt. 196.) The Court also noted in its order granting the withdrawal of Brite Smart's prior counsel that Brite Smart, as a corporation, may not proceed *pro se*. (*Id.*) (citing *Bigelow v. Brady*, 179 F.3d 1164 (9th Cir. 1999) and Civil L.R. 3-9(b).)

Brite Smart has not only failed to retain local counsel, as required under Local Rule 11-1(a), but has also failed to retain <u>any</u> new legal representation or even give this Court any indication as to when, or if, it might be able to do so. No other alternatives exist. This case should be dismissed.

## II. <u>ZUILI'S TRANSFER OF OWNERSHIP OF THE PATENTS TO HIMSELF FURTHER REQUIRES, AND CANNOT AVOID, DISMISSAL</u>

### A. Brite Smart May No Longer Have Standing To Assert Three Of The Patents-In-Suit

At the start of this litigation, Brite Smart alleged it held title to the patents-in-suit. (Dkt. 1, ¶¶ 11, 18, 25, 32.) As discussed above, Mr. Zuili now claims to have assigned the '667, '763, and '057 patents from Brite Smart to himself in notices with the PTO. In his notice to the PTAB, he claims he "owns by assignment the **entire right, title, and interest** in [the '057 patent] by virtue of Assignment." (Ex. 1) (emphasis added.) Mr. Zuili also recorded assignments with the PTO that likewise purport to transfer ownership of the '667 and '763 patents from Brite Smart to himself. (Ex. 2; Ex. 3.) Such assignments would eliminate Brite Smart's standing as to these patents. *Lans v. Digital Equipment Corp.*, 252 F.3d 1320, 1328 (Fed. Cir. 2001) ("If a party lacks title to a patent, that party has no standing to bring an infringement action under that patent.") (quotation marks and citation omitted); *Pi-Net Int'l, Inc. v. Focus Business Bank*, No. 5:12-cv-04958, 2015 WL 1538259, at *4 (N.D. Cal. Apr. 6, 2015) (granting motion to dismiss for lack of standing and holding that where a plaintiff assigned away its entire right, interest and title to the patents-in-suit it "ha[d] assigned away all substantial rights in the asserted patents . . . [and] therefore lacks legal capacity to maintain [its] action[].")

**B. Zuili Cannot Circumvent The Requirement That Brite Smart Retain Counsel**

Brite Smart has not notified the Court (or Google) that it intends to take any action in relation to this lack of standing, only further demonstrating the lack of diligence in the prosecution of this case. It is possible, however, that in response to this motion or otherwise that Mr. Zuili, as he may do in the PTAB proceedings, will attempt to use the transfer of the '667, '763, and '057 patents to himself as an end run around the requirement that Brite Smart have legal representation to proceed in this case. Brite Smart itself cannot do this, because it has no counsel, admitted in the Northern District or otherwise, that that can take any action in this Court. Rather, Mr. Zuili would need to move to intervene in the case to move to amend the complaint to replace himself as plaintiff in this case. Mr. Zuili cannot do so as a matter of law.

It is well-settled, however, that "a corporate officer or shareholder may not make an end-run around the corporate representation requirement via a motion to intervene." *HomeBingo Network, Inc. v. Cadillac Jack, Inc.*, No. 05-cv-0701, 2006 WL 3469515, at *3 (S.D. Al. Nov. 29, 2006); *Motionless Keyboard Co. v. Microsoft Corp.*, 184 Fed. Appx. 967, 968 (Fed. Cir. 2006) (affirming denial of motion to intervene under Ninth Circuit law where plaintiff corporation assigned the patents-in-suit to its sole shareholder and named inventor during the litigation); *United States v. High Country Broadcasting Co.*, 3 F.3d 1244, 1245 (9th Cir. 1993) (affirming denial of motion to intervene by corporation's sole shareholder). Indeed, the Ninth Circuit has made clear that where a corporation's sole owner seeks "to accomplish the exact same objectives" as those advanced by his corporation, intervention should be denied for failure to comply with the requirement that the corporation retain legal counsel. *High Country Broadcasting*, 3 F.3d at 1245.

Mr. Zuili is [REDACTED] the named inventor on all of the patents-in-suit, and [REDACTED] (Ex. 6, 99:13-16.) Brite Smart [REDACTED]

[REDACTED]

(*Id.*, 137:2-12.) If Mr. Zuili attempted to intervene, it would constitute a gross manipulation of the corporate form and risk eviscerating the rule against corporate *pro se* representation.

Even were intervention somehow permitted in such circumstances, *pro se* representation is inappropriate where complex patent claims are involved, as these "issues [] are factually and

legally complex even for experienced litigators and patent attorneys." *Singhal v. Mentor Graphics Corp.*, No. 07-cv-1587, 2008 WL 205594, at *1 (N.D. Cal. Jan. 24, 2008). In denying an inventor plaintiff's request to proceed *pro se*, the court in *Singhal* held that such a proposal would "caus[e] delays" and acknowledged the defendant's concern that plaintiff did not "comprehend [the] boundaries" of the protective order. *Id.*, at *1-2. Any potential move by Mr. Zuili to intervene would raise a similar litany of insurmountable practical issues. Mr. Zuili has no legal training and no prior experience with patent litigation. As discussed above, the parties have a number of upcoming claim construction deadlines, which will undoubtedly require legal insight and expertise. Further, much of Google's production to date has been made subject the Protective Order for this litigation. (Dkt. 44.) Under the terms of that Order, Mr. Zuili would not be permitted to receive any materials designated as "Confidential – Attorneys' Eyes Only" and "Confidential – Source Code." Mr. Zuili would be prevented from accessing, by way of example, Brite Smart's own Infringement Contentions, Google's source code, and Google's prior patent licenses.

In sum, if Mr. Zuili attempts to intervene in the present litigation, the Court should reject this tactic as clearly incompatible with unambiguous Ninth Circuit law and logistically impossible under the facts of this case.

**CONCLUSION**

For the foregoing reasons, Google respectfully requests that the Court grant Google's Motion and dismiss the present litigation with prejudice.

February 11, 2016

*/s/ David A. Perlson*
QUINN EMANUEL URQUHART & SULLIVAN, LLP
David A. Perlson (Bar No. 209502)
50 California St., 22nd Floor
San Francisco, CA 94111
Telephone: (415) 875-6600
Facsimile: (415) 876-6700
davidperlson@quinnemanuel.com

Andrea Pallios Roberts (Bar No. 228128)
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, California 94065-2139
Telephone: (650) 801 5000
Facsimile: (650) 801 5100

andreaproberts@quinnemanuel.com

*Attorneys for Defendant Google Inc.*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that this Motion and all attached declarations, exhibits, and proposed order were served via U.S. Mail on February 11, 2016 on Plaintiff Brite Smart Corp. at the following addresses:

Brite Smart Corp.
110 North College Ave.,
Ste. 1504
Tyler, TX 75702

Patrick Zuili
Brite Smart Corp.
20077 Palm Island Drive
Boca Raton, FL 33498

*_/s/ David A. Perlson_*
David A. Perlson