UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| BRITE SMART CORP.,<br><br>Plaintiff,<br><br>v.<br><br>GOOGLE, INC.,<br><br>Defendant. | Case No. 5:15-cv-03962-BLF<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS FOR FAILURE TO PROSECUTE**<br><br>[Re: ECF No. 203] |

Defendant Google, Inc. moves to dismiss the present litigation pursuant to Federal Rule of Civil Procedure 41(b) on the basis that Plaintiff Brite Smart Corporation ("Brite Smart") has failed to prosecute the matter. For the reasons discussed below, the Court GRANTS the motion and DISMISSES this case without prejudice.[1]

**I.   FACTS**

Plaintiff commenced this action on July 10, 2014, by filing a complaint in the Eastern District of Texas, alleging that Defendant infringed certain patents held by Plaintiff. Complaint (ECF No. 1). On October 24, 2014, Defendant moved to transfer the case to the Northern District of California. Motion to Change Venue to the Northern District of California Pursuant to 28

---

[1] The Court finds this matter suitable for disposition without oral argument and therefore VACATES the hearing set for June 16, 2016.

1  U.S.C. § 1404(a) by Google, Inc. (ECF No. 18). The motion was granted on August 3, 2015.
2  Memorandum Order (ECF No. 154).

3  In light of the venue transfer, Mr. Stafford Davis, local counsel who Plaintiff previously
4  retained in Texas, moved to withdraw from the case on August 11, 2015. Unopposed Motion to
5  Withdraw as Attorney for Plaintiff by Brite Smart Corp. (ECF No. 157). This Court granted the
6  unopposed motion on September 3, 2015, leaving Plaintiff represented by its remaining attorney,
7  Mr. Robert D. Katz. Order Granting Unopposed Motion to Withdraw as Attorney for Plaintiff
8  (ECF No. 161). As neither Messrs. Stafford nor Katz was admitted to the Northern District of
9  California bar, Plaintiff was advised that it needed to obtain local counsel in order to proceed in
10 the litigation. *See* Civ. L.R. 3-9(b), 11-1.

11 On December 4, 2015, Mr. Katz also filed a motion to withdraw from the case, which was
12 initially set for hearing on April 7, 2016. Motion to Withdraw as Attorney filed by Brite Smart
13 Corp. (ECF No. 183). The Court expedited the hearing date to January 7, 2016, out of concern
14 that Plaintiff, a corporate entity, could not proceed *pro se*, *see* Civ. L.R. 3-9(b), and to therefore
15 avoid further delay in the litigation which had been pending since July 2014. Clerk's Notice
16 Resetting Motion Hearing (ECF No. 194). At the January 7 hearing, the Court granted Mr. Katz's
17 motion to withdraw, stayed the matter until February 8, 2016, to allow Plaintiff reasonable time to
18 find new counsel, and set a further case management conference for February 25, 2016. Order
19 Granting Motion to Withdraw as Counsel for Plaintiff Brite Smart Corp. ("January 7, 2016,
20 Order," ECF No. 196); Transcript of Proceedings held on January 7, 2016 (ECF No. 201) at 11:4–
21 7. In addition, in the event that Brite Smart was unable to find counsel by February 8, the Court
22 gave leave to Mr. Patrick Zuili, CEO of Brite Smart, to file papers limited to updating the Court of
23 his efforts in securing representation for Plaintiff.

24 No counsel entered an appearance on behalf of Brite Smart by the February 8 deadline, and
25 Mr. Zuili did not file any letter updating the Court as to the efforts made to secure representation.
26 On February 11, 2016, Defendant filed the present motion pursuant to Federal Rule of Civil
27 Procedure 41(b) to dismiss the litigation for Plaintiff's failure to prosecute the matter. Motion to
28

Dismiss for Failure to Prosecute and for Lack of Standing[2] filed by Google, Inc. (ECF No. 203). Mr. Zuili filed letters on February 22 and February 26, 2016, on behalf of Brite Smart in opposition to the motion,[3] and Defendant filed a reply on March 1, 2016. Letter from Patrick Zuili dated February 18, 2016 (ECF No. 207); Letter from Patrick Zuili Requesting Stay of Proceedings (ECF No. 208); Reply re: Motion to Dismiss for Failure to Prosecute and for Lack of Standing filed by Google, Inc. (ECF No. 212). At the February 25 case management conference, Mr. Zuili, appearing by telephone, acknowledged that Plaintiff had yet to find representation. Transcript of Proceedings held on February 25, 2016 (ECF No. 213). There has been no indication since that time that Plaintiff has been able to do so.

## II. DISCUSSION

### A. Plaintiff's *Pro Se* Status

In general, parties may plead and conduct their own cases personally. 28 U.S.C. § 1654. However, "[a] corporation . . . may appear only through a member of the bar of this Court." Civ. L.R. 3-9(b). Unlicensed laypersons, including the owners of companies, officers of a corporation, partners of a partnership, and members of an association may not represent their respective entities. *Rowland v. Cal. Men's Colony*, 506 U.S. 194, 201–02 (1993) ("It has been the law for the better part of two centuries . . . that a corporation may appear in the federal courts only through licensed counsel. . . . [T]hat rule applies equally to all artificial entities."); *United States v. High Country Broadcasting Co., Inc.*, 3 F.3d 1244, 1245 (9th Cir. 1993) (affirming district court's entry of default judgment against the corporation when the corporation failed to retain counsel for the duration of the litigation and attempted to proceed through its unlicensed president and sole shareholder).

---

[2] During the pendency of this action, Mr. Zuili had apparently reassigned three of the four patents at issue in this case from Brite Smart to himself personally. Therefore, there is an issue as to whether Plaintiff still has standing to proceed on some of its claims. However, as the Court will dismiss this matter pursuant to Rule 41(b) for the reasons discussed below, the standing issue is moot.

[3] Mr. Zuili's letters exceed the scope of permitted filings, and therefore the Court STRIKES the contents of these letters to the extent they do not pertain to Plaintiff's efforts in obtaining representation. Moreover, in his letters, Mr. Zuili appears to seek a stay of the action. But as explained *infra*, Mr. Zuili, as a non-party to this action, may not seek a stay on behalf of Plaintiff.

Here, attorneys for Plaintiff have withdrawn from the matter, and no counsel has appeared for Plaintiff. Plaintiff, a corporation, is therefore currently proceeding without counsel, in contravention to this district's civil local rules. *See Greenspan v. Admin. Office of the United States Courts*, No. 14CV2396 JTM, 2014 WL 6847460, at *6 (N.D. Cal. Dec. 4, 2014) (dismissing corporate plaintiffs for failure to obtain legal representation).

Nevertheless, Mr. Zuili has filed multiple documents in this litigation, ostensibly on behalf of Plaintiff. Because throughout this litigation Mr. Zuili has blurred the line between himself and Plaintiff, the Court feels compelled to make explicit an important distinction: Mr. Zuili and Plaintiff are not the same entity. They are different legal persons. Although Mr. Zuili is the CEO of Plaintiff, he is not the named plaintiff in this suit. The only plaintiff in this suit is Brite Smart, a corporation. Since Mr. Zuili is a layperson and not a lawyer, he cannot represent the interests of Plaintiff in this Court, even if he is an officer of the corporation. *See Pension Tr. Fund for Operating Eng'rs v. Dalecon, Inc.*, No. C 11-02851 LB, 2013 WL 1089747, at *3 (N.D. Cal. Mar. 15, 2013) (disregarding opposing papers filed by layperson shareholder of a corporate defendant); *Dongxiao Yue v. Chordiant Software, Inc.*, No. C 08-00019 JW, 2008 WL 11141245, at *5 (N.D. Cal. July 24, 2008) ("*Pro se* intervention by a corporation's president and sole shareholder with interests identical to the corporation's is an impermissible end run around § 1654 and the requirement that corporations be represented by licensed counsel." (citing *High Country Broadcasting*, 3 F.3d at 1244)). To the extent Mr. Zuili has filed papers on behalf of Brite Smart, those filings are improper, and the Court will disregard them.

**B.     Dismissal under Rule 41(b)**

Federal Rule of Civil Procedure 41(b) permits the involuntary dismissal of a case "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order." The district court has the inherent power to dismiss a case *sua sponte* for lack of prosecution. *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir.1986) (citing *Ash v. Cvetkov*, 739 F.2d 493, 496 (9th Cir. 1984)). A dismissal pursuant to Rule 41(b) is committed to the sound discretion of the district court. *Link v. Wabash R.R.*, 370 U.S. 626, 633 (1962). Dismissing a case pursuant to Rule 41(b) "'must be supported by a showing of unreasonable delay.'" *Omstead v. Dell, Inc.*, 594 F.3d 1081, 1084 (9th

Cir. 2010) (quoting *Henderson*, 779 F.2d at 1423). In addition, before imposing dismissal as a sanction, "the district court must consider five factors: '(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives.'" *Yourish v. Cal. Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999) (quoting *Henderson*, 779 F.2d at 1423).

Here, local counsel for Plaintiff, Mr. Davis, moved to withdraw from this case on August 11, 2015. Since then, and in spite of this Court's repeated admonitions that, as a corporation, Plaintiff must retain an attorney duly admitted before this Court to proceed in this litigation, Plaintiff has failed to do so, now more than seven months later. Plaintiff, either unwilling or unable to find representation to proceed, has therefore delayed this litigation indefinitely. The Court finds this delay unreasonable.

In addition, balancing the five factors identified above favors dismissal. First, this case has been pending since July 2014, when Plaintiff initially filed suit in the Eastern District of Texas. Now a year and eight months after the fact, the status of the litigation is in limbo as the matter is stalled until Plaintiff can secure proper representation. To date, Plaintiff has not done so, nor has it indicated to the Court whether it can, or will, do so to proceed in a timely fashion. Plaintiff's inaction suspends this case for an indefinite and unacceptable period of time. The public has an interest in the expeditious resolution of this litigation. *Henderson*, 779 F.2d at 1423 (citing *Mir v. Fosburg*, 706 F.2d 916 (9th Cir. 1983)).

Second, Plaintiff's conduct has directly interfered with the Court's need to manage its own docket. The Court gave clear notice to Plaintiff that, as a corporation, it could not proceed *pro se*, and that it risked dismissal if it failed to obtain counsel. *See* January 7, 2016, Order at 2. Moreover, Plaintiff was aware of its need to secure local counsel at least since August 2015, when the case was transferred to this District. Since then, Plaintiff's ability to continue litigating this case has been called into question since its remaining counsel, Mr. Katz, also moved to withdraw from the matter in December 2015. Now in March 2016, the Court has yet to receive any clarity from Plaintiff as to when it may proceed. The docket has meanwhile accumulated three other

5

pending motions, the resolution of which will be directly affected by this present Rule 41(b) motion. *See* ECF Nos. 165, 169, 204.

Third, denying this motion and requiring this case to proceed would prejudice Defendant. A court may presume prejudice where a corporate plaintiff does not heed its duty of due diligence to move a case forward by failing to obtain counsel. *Lyell Theatre Corp. v. Loews Corp.*, 682 F.2d 37, 42 (2d Cir. 1982). Defendant has already engaged in extensive discovery, requiring it to expend considerable time and effort in responding to interrogatories, producing documents, and engaging experts. Moreover, Mr. Zuili has requested to amend a previously-issued protective order to permit him to reveal Defendant's protected information to prospective counsel. A delay now would suspend the case, exacerbate Defendant's efforts to resolve the matter, and prejudice Defendant's interests in the litigation.

The Court finds that the fourth factor—the public policy favoring the disposition of cases on their merits—does not favor dismissal.

Lastly, fifth, the Court sees little point in imposing a lighter sanction. Since Plaintiff cannot proceed without a lawyer, the Court's only option would be to grant Plaintiff more time to find one. However, Plaintiff has already had ample time to obtain counsel and, in fact, has known since August 2015 that it needed local counsel to litigate the matter. The Court gave explicit warnings to Plaintiff about the potential for imminent dismissal during the January 7, 2016, hearing on Plaintiff's motion to withdraw. Plaintiff has been non-responsive and has not indicated whether obtaining counsel is likely or even feasible. Despite the Court's repeated caution that Plaintiff cannot proceed absent proper representation, and despite ample opportunity to obtain it, Plaintiff has failed to do so. The Court finds that the circumstances presented here warrant dismissal.

Accordingly, the Court finds that factors one, two, three, and five favor dismissal, and that factor four does not favor dismissal. The Court finds that balancing these factors together as a whole warrants the Rule 41(b) dismissal of this matter.[4]

---

[4] Given this Order dismissing the matter pursuant to Rule 41(b), the pending motions on this docket, ECF Nos. 165, 169, and 204, are rendered MOOT.

**III. ORDER**

For the foregoing reasons, IT IS HEREBY ORDERED that Defendant's motion to dismiss pursuant to Federal Rule of Civil Procedure 41(b) for Plaintiff's failure to prosecute is GRANTED and the case is DISMISSED without prejudice.

**IT IS SO ORDERED.**

Dated: March 18, 2016

*/s/ Beth Labson Freeman*
BETH LABSON FREEMAN
United States District Judge

7